http://www.va.gov/vetapp16/Files3/1621746.txt

Citation Nr: 1621746 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 10-22 643A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana

THE ISSUE

Entitlement to service connection for glaucoma, to include as due to an undiagnosed illness arising from service in the Southwest Asia theater of operations during the Persian Gulf War, and to include as secondary to the Veteran's service-connected diabetes mellitus type II.

REPRESENTATION

Veteran is represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

C. Banister, Associate Counsel

INTRODUCTION

The Veteran served on active duty from July 1971 to August 1975 and from June 1976 to May 1992. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO).

This matter was previously before the Board in December 2013 and September 2014, at which time it was remanded for further development. In July 2015, the Board denied the Veteran's service connection claim for glaucoma, and the Veteran appealed that decision to the Court of Appeals for Veterans Claims (Court). In an April 2016 Joint Motion for Remand (Joint Motion), the parties agreed that the Board failed to provide adequate reasons or bases to support its determination that the Veteran lacked the appropriate training and expertise to render a medical opinion in light of the fact that he worked as a practical nurse for over eight years and a medical non-commissioned officer for over 15 years. The parties moved the Court to vacate the Board's July 2015 decision, and in an April 2016 order, the Court granted the Joint Motion and remanded the claim for action consistent with the terms of the Joint Motion. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Veteran asserts that his glaucoma is due to an undiagnosed illness related to his Persian Gulf service, or alternatively, was caused or aggravated by his service-connected diabetes mellitus type II.

The Veteran underwent a VA eye examination in March 2010, with supplemental opinions issued in January 2014 and April 2015. However, none of the examiners addressed the issue of whether the Veteran's glaucoma was related to his service-connected diabetes mellitus type II. In the April 2016 Joint Motion, the parties noted that "after reconsidering [the Veteran's] competency to address the medical matters in this case, the Board shall address whether he is entitled to a new [VA] examination based on his contention that his glaucoma is secondary to his service-connected diabetes mellitus." In light of the Veteran's medical training and experience, his assertions may be competent evidence as to the etiology of his glaucoma. However, as he has not submitted a rationale to support an opinion regarding a purported link between glaucoma and diabetes, there is insufficient competent medical evidence on file for VA to make a decision on the claim. Therefore, the Board finds that a remand is necessary in order to obtain a supplemental opinion addressing secondary service connection. See McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006).

Accordingly, the case is REMANDED for the following action:

1. The evidence of record must be reviewed by an appropriate examiner in order to obtain a supplemental opinion as to the etiology of the Veteran's glaucoma. After a review of the evidence of record, the examiner must provide opinions as to:

a. whether it is at least as likely as not (50 percent or higher probability) that the Veteran's glaucoma is due to his service-connected diabetes mellitus type II;

b. whether it is at least as likely as not (50 percent or higher probability) that the Veteran's glaucoma was aggravated by (permanently worsened beyond the natural progression of the disease) his service-connected diabetes mellitus type II.

A complete rationale for all opinions must be provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. 

2. After completing the above action, and any other development as may be indicated by any response received as a consequence of the action taken in the paragraphs above, the claim of entitlement to service connection for glaucoma must be readjudicated. If the benefit sought on appeal remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran has had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Nathan Kroes
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).